UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD HOWARD,

        Petitioner,

v.

        Case No. 2:18-cv-12624

        Honorable Sean F. Cox

J.A. TERRIS,

        Respondent.
_____/

**ORDER DIRECTING THE STATE TO FILE A SUPPLEMENTAL BRIEF
AND
DIRECTING PETITIONER TO SHOW CAUSE WHY HIS PETITION
SHOULD NOT BE DISMISSED AS MOOT OR FOR FAILURE TO PROSECUTE**

## I. Introduction

Petitioner Edward Howard seeks the writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims in his habeas petition that state officials arrested him for violating the conditions of parole and then transferred him to a federal agent without holding a hearing on whether he violated the conditions of parole. Following his arrest on federal charges, Petitioner was convicted of federal conspiracy crimes, and while he was serving his federal sentence, his state parole officer filed a parole detainer with the Federal Bureau of Prisons. The detainer asked federal officials to hold Petitioner in their custody until further notice. In his habeas petition, Petitioner's seeks a dismissal of the State's arrest warrant and detainer due to the State's failure to hold a prompt hearing on whether he violated the conditions of parole.

The Court recently reviewed this case and discovered that the Federal Bureau of Prisons has released Petitioner and that the Michigan Department of Corrections

considers Petitioner to be a parolee. It therefore appears to the Court that Petitioner's request for a dismissal of the State's detainer may be moot and that the Court may have lost jurisdiction in this case. Accordingly, the Court is ordering the State to file a supplemental brief that explains what the Michigan Department of Corrections or the Michigan Parole Board did, if anything, about Petitioner after he was released from federal prison. The Court is ordering Petitioner to show cause why his petition should not be dismissed either as moot or for failure to prosecute, because he has not kept the Court informed of his current address.

## II. Background

Petitioner was convicted in state court of possession of 50 to 449 grams of cocaine, Mich. Comp. Laws § 333.7403(2)(a)(iii), and stealing or retaining a financial transaction device without consent, Mich. Comp. Laws § 750.157n(1). Answer in Opp'n to Pet. for Writ of Habeas Corpus, ECF No. 7, PageID. 77. He was sentenced on October 17, 2005, to six and a half to forty years in prison for the cocaine conviction and two to eight years for the other conviction. Mich. Parole Board Record, ECF No. 11, PageID. 302.

In 2014, Petitioner was charged with federal crimes. The Michigan Parole Board was unaware of the federal charges at the time, and it released Petitioner on parole on April 15, 2014. Petitioner's parole officer, William Eardley, subsequently learned of the federal charges, and on June 9, 2014, he asked Petitioner to report to his office. On the following day, June 10, 2014, Petitioner reported to Officer Eardley's office and was detained on grounds that he had violated the conditions of parole and that the Michigan Parole Board was rescinding its decision to release him on parole. Pet., ECF No. 1, PageID. 10, 14.

On July 16, 2014, Petitioner received written notice of the Michigan Parole Board's intent to conduct parole-rescission proceedings. *Id.*, PageID. 14. On the same day, he received the Parole Board's notice of his rights during parole-rescission proceedings. Among the listed rights was the right to a hearing within 45 days of the Parole Board's receipt of new information. *Id.*, PageID.15.

No rescission or revocation hearing was conducted, and Petitioner subsequently was adjudicated guilty of three federal conspiracy charges. In October of 2015, United States District Judge David M. Lawson sentenced Petitioner to concurrent terms of seventy-two months in prison for two counts of conspiracy and forty-eight months in prison for an additional count of conspiracy. *See United States v. Howard*, No. 2:14-cr-20117-9, ECF No. 571, PageID. 2292-2293 (E.D. Mich. Oct 21, 2014).

On February 8, 2016, parole officer Eardley served a parole detainer on the Federal Bureau of Prisons. The detainer asked the Bureau of Prisons to hold Petitioner in its custody until further notice. Pet., ECF No. 1, PageID. 18.

Petitioner subsequently began to contest the detainer. He wrote to the Michigan Parole Board and asked the Parole Board to discharge him on parole or to run his parole term concurrent with his federal sentence. *Id.*, PageID. 19-21. An attorney subsequently made similar requests in Petitioner's behalf, but an administrator for the Michigan Department of Corrections denied the requests. *Id.*, PageID. 22-23.

Next, Petitioner filed an administrative complaint against the Michigan Parole Board. *Id.*, PageID. 28-31. The Michigan Parole Board declined to lift the detainer, stating that Petitioner would not be available to the Parole Board, and the parole-violation

process would not commence, until Petitioner finished serving his federal sentence. *Id.*, PageID. 32.

Petitioner then filed a petition for the writ of mandamus in the Michigan Court of Appeals. *Id.*, PageID. 33-38. The Court of Appeals denied his petition without providing an explanation or reason for its decision. *Id.,* PageID. 42. Petitioner moved to re-open his mandamus case, *id.*, PageID. 45-47, but the Michigan Court of Appeals treated his request as a motion for reconsideration and returned Petitioner's papers to him because the motion was untimely. *Id.*, PageID. 44

On August 22, 2018, Petitioner filed his habeas corpus petition. At the time, he was confined at the Federal Correctional Institution in Milan, Michigan. His petition challenges the Michigan Parole Board's refusal to lift the parole detainer it lodged against him on February 8, 2016. *Id.*, PageID. 2. Petitioner claims that the Parole Board violated his Fourteenth Amendment right to due process by not holding a parole-rescission hearing within forty-five days of his detention in parole officer Eardley's office on June 10, 2014. Petitioner maintains that the state arrest warrant and detainer should be dismissed or lifted because the Parole Board failed to prosecute him in a timely manner. *Id.*, PageID. 8, 12-13.

The State filed an answer to the habeas petition on February 28, 2019. It urges the Court to deny the petition because Petitioner did not raise his claim in the Michigan Supreme Court and, therefore, he failed to exhaust state remedies for his claim. The State also argues that, even if the Court excuses the failure to exhaust state remedies, Petitioner has failed to provide any evidence that he is being denied any rights by the parole detainer. Answer, ECF No. 7, PageID. 73, 78-84.

4

Petitioner filed a reply to the State's answer in which he claims that he attempted to file an application for leave to appeal in the Michigan Supreme Court, but he mistakenly filed the application in the Michigan Court of Appeals. He alleges that, after his family notified him that the Court of Appeals had closed his case, he tried to re-open his appellate case, but the Court of Appeals returned his documents because they were time-barred. Pet'r Response, ECF No. 12, PageID. 305.

Regarding his substantive claim, Petitioner repeats his argument that he was entitled to a prompt parole-revocation hearing following his detention by parole officer Eardley and two state agents on June 10, 2014. He asserts that the Michigan Parole Board continues to violate his Fourteenth Amendment right to due process because he has always been available for a revocation hearing. He also contends that the State's parole detainer is preventing him form being placed in a halfway house, which he needs to reintegrate himself back into the community. *Id.*, PageID. 305-306.

On April 30, 2019, Petitioner filed a motion to expedite the Court's judgment so that he could be released to a federal halfway house. Mot. to Expedite J., ECF No. 13, PageID. 309. Finally, on May 10, 2019, Petitioner filed a motion for release on bond pending a decision in this case. He alleges in his motion that he cannot be released to a federal halfway house "due to this pending matter which has been hindering [him] for 5 years." Mot. to Release Pet'r on Bond, ECF No. 14, PageID. 313.

### III. Discussion

The Court recently discovered that the Federal Bureau of Prisons released Petitioner on August 30, 2019. *See* www.bop.gov (inmate locator, register number 50146-039). Furthermore, the official website for the Michigan Department of Corrections

indicates that Petitioner is on parole and has been on parole since April 15, 2014. *See* www.Michigan.gov/corrections (offender search, MDOC number 247015).

This District's local rules provide that:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number of the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

LR 11.2. Petitioner has not notified the Court of any change in his address since his release from federal prison.

Furthermore, the Court is unaware of any proceedings that may have occurred in Petitioner's state case after he was released from federal prison. There is a possibility that Petitioner's request for a dismissal of the parole detainer is moot, and the Court has no jurisdiction over moot disputes. *Witzke v. Brewer*, 849 F.3d 338, 340 (6th Cir. 2017) (quoting *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (quoting *Crane v. Ind. High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)).

Accordingly, the Court orders the State to file a supplemental brief with updated information about Petitioner and his state case. The Court is interested in knowing: (i) what the Michigan Parole Board decided to do about the parole-rescission matter after Petitioner was released from federal prison; (ii) whether the Michigan Parole Board has held a hearing on its decision to rescind Petitioner's release on parole; (iii) whether the Parole Board returned Petitioner to state prison or reinstated him on parole after his release from federal prison; and (iv) any other information that may assist the Court in

resolving Petitioner's due process claim. The State's supplemental brief shall be due within fourteen (14) days of the date of this order.

The Court orders Petitioner to show cause why his petition should not be dismissed. His petition could be subject to dismissal as moot or for failure to prosecute his case by not informing the Court of his current address. Petitioner's response to this order shall be due within fourteen (14) days of the date of this order. Any failure to respond to this order in a timely manner also could be a basis for dismissal of this case.

SO ORDERED.

Dated: January 23, 2020
s/Sean F. Cox
Sean F. Cox
U. S. District Judge